UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 5:19-cr-3-DCB-LRA

BORIS WARD  DEFENDANT

## ORDER

This matter comes before the Court on Defendant Boris Ward ("Ward")'s Motion to Suppress All Evidence and Statements Obtained from an Illegal Search that Constitute Fruit of the Poisonous Tree (Doc. 35) and the Government's Response (Doc. 41). Having considered the motion, the response, the memoranda, applicable statutory and case law, and being otherwise fully informed in the premises, this Court DENIES the Defendant's Motion.

## BACKGROUND

On or about June 1, 2018 Defendant Ward conducted an alleged sale of methamphetamine. Agent Jerry Stewart of the Mississippi Bureau of Narcotics ("MBN"), Adams County Sheriff's Deputy Luke Brumfield, and other law enforcement met with a confidential informant to conduct the controlled purchase of methamphetamine from Ward. The confidential informant called Ward to arrange the purchase, at which point a sheriff's deputy acting undercover drove the confidential informant to Ward's

1

residence. Once the sale of the methamphetamine had been negotiated and the confidential informant had paid Ward, Ward instructed the confidential informant to retrieve the purchased methamphetamine from behind the gas cap of a black GMC Yukon. The Yukon was parked in front of the residence. Ward accompanied the confidential informant to the Yukon, where a clear plastic bag containing approximately 13 grams of methamphetamine was behind the gas cap. On or about June 13, 2018, Deputy Brumfield, other law enforcement officers, and the confidential informant made a second controlled purchase of methamphetamine from Ward where, in that instance, Ward provided the methamphetamine while within the hereinafter described residence.

On or about June 14, 20018, Agent Stewart applied for and obtained a search warrant for, "[A] residence located at 3357 Stampley Road, Fayette, Jefferson County, Mississippi, being a mobile home with blue siding and white trim. Together with all curtilage, approaches and appurtenances thereto, as well as any vehicles which are located on the property." Aff. For Search Warrant, ECF 41 Ex. 1 and Search Warrant, ECF 41 Ex. 2. On June 15, 2018, MBN Agent Stewart, along with other law enforcement agencies, executed the search warrant. Ward was in the mobile home during the search. Agents placed Ward under arrest and searched his person. In Ward's pocket, Agent Stewart found a set of keys for a Dodge vehicle. A blue Dodge Charger was parked in

front of the mobile home. Using the keys from Ward's pocket, agents searched the trunk of the Charger and found ten firearms, one zip-lock bag containing approximately 60 grams of marijuana, one large clear bag containing approximately 530 grams of methamphetamine, and a Magnolia Bluff's Casino player's card stamped with "BORIS WARD." A bag containing 3.5 grams of methamphetamine was found behind the gas cap of the blue Dodge Charger. A bag containing 3.5 grams of methamphetamine was found behind the gas cap of a Chevrolet Cavalier. A bag containing 3.5 grams of methamphetamine was found behind the gas cap of the Yukon.

The Defendant claims that the search warrant was insufficient to establish probable cause to search the 2007 blue Dodge Charger and the search of the Dodge Charger exceeded the scope of the warrant. To support this claim, the Defendant asserts that the Dodge Charger was not specifically identified in the search warrant with any particularity. As such, the Defendant requests that any evidence from the Dodge Charger obtained pursuant to the search warrant be suppressed.

## DISCUSSION

Ward has not challenged the validity of the search warrant in regard to the mobile home but challenges its application to the blue Dodge Charger. According to the Defendant, the search

warrant and supporting affidavit did not "state with particularity that the vehicle was to be search[ed] or provide probable cause or sufficient reasons as to whether or not illegal items or documents would be found in the vehicle." (ECF No. 39 at 1). However, the Fifth Circuit has rejected this line of reasoning and has held that a search warrant for a residence encompasses vehicles parked on the premises. See United States v. Freeman, 685 F.2d 942, 955 (5th Cir. 1982)(holding that "the warrant for a search 'on the premises known as 25 Seadrift Road' was sufficiently particular to permit a search of Boese's Jeep similarly parked on the premises off the street and close to the house."); see also, United States v. Napoli, 530 F.2d 1198 (5th Cir. 1976)(finding that a warrant authorizing a search 'on the premises known as 3027 Napoleon Avenue' permitted the search of a camper parked off the street and close to the building on a driveway on the premises.)

In United States v. Freeman, the Fifth Circuit made it clear that the warrant encompassed vehicles that were on the premises, and that law enforcement did not need to use the plain view doctrine to justify a search of the vehicle. See 685 F.2d at 957. The warrant, by itself, was sufficiently particular to include the vehicle despite the warrant not specifically identifying the Jeep. See id. at 956.

Similarly, in Napoli the Fifth Circuit found a warrant sufficient to search a camper parked in the driveway of the premises, despite the warrant not specifically listing the camper as a place to be searched. As the Fifth Circuit reasoned in Napoli:

> "There can be little, if any, doubt that the intent of the officers in this instance was to seize the controlled package and its contents wherever they might be on the premises at 3027 Napoleon Avenue, whether when taken from the mailbox they were carried inside the house, retained on the front porch, carried down the steps to the sidewalk, taken to the yard, or removed to an outbuilding or to a vehicle on the premises. The object of the search was movable contraband... The ultimate or immediate destination of the movable contraband, when removed from the mailbox and actually moving, was neither known nor knowable in advance."

530 F.2d at 1200-1201. The Court's reasoning in Napoli is applicable to the facts at hand. In this case, as with Napoli, law enforcement was searching for moveable contraband, i.e., methamphetamine. In addition, law enforcement was aware that the Defendant had previously hidden contraband in the Yukon, and that contraband could very well be concealed in other vehicles on the premises.

The warrant at issue not only listed the address of the mobile home to be searched, but also included "any vehicles

5

which are located on the property." The blue Dodge Charger was located approximately twenty feet from the mobile home and was "on the premises." The warrant provides enough particularity to include vehicles that are located on the premises, despite not specifically identify the vehicles to be searched. Therefore, the Dodge Charger falls within the scope of the warrant and law enforcement was authorized to search the Dodge Charger based on a validly executed warrant supported by probable cause.

Accordingly,

IT IS HEREBY ORDERED AND ADJUDGED that the Defendant's Motion to Suppress is DENIED.

SO ORDERED this the 28th day of October, 2019.

_/s/ David Bramlette_____
UNITED STATES DISTRICT JUDGE