UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                                                          NO. 5:19-CR-3-KHJ-LGI

BORIS WARD

ORDER

Before the Court are Boris Ward's Motion *in Limine* Pursuant to Federal Rules of Evidence 404(b) [58], and the Government's First Motion *in Limine* [72], Omnibus Motion *in Limine* [105], and Second Motion *in Limine* [107]. For the reasons below, the Court finds the following:

1. Ward's Motion *in Limine* [58] is denied;
2. the Government's First Motion *in Limine* [72] is granted in part and denied in part;
3. the Government's Omnibus Motion *in Limine* [105] is granted in part and denied in part; and
4. the Government's Second Motion *in Limine* [107] is denied.

I.  Background

A grand jury indicted Ward in February 2019 for four counts of possession of methamphetamine with intent to distribute and one count of felon in possession of a firearm. [3] at 1-4. This case is currently set for trial for the criminal term beginning July 6, 2021. Parties have filed multiple motions *in limine* that the Court now addresses.

II.     Standard

The purpose of a motion *in limine* is to preclude opposing counsel from "mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds." *Parker v. Tyson Foods, Inc.*, 499 F. Supp. 3d 297, 299 (S.D. Miss. 2020) (quoting *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977)). Though the granting of a motion *in limine* "does not preclude the party sponsoring the evidence from revisiting the issue at trial," the issue must be raised "outside the jury's presence." *Id.* (quoting *United States v. Beasley*, No. 3:20-CR-36-DPJ-LRA, 2020 WL 6438255, at *1 (S.D. Miss. Nov. 2, 2020)).

III.    Ward's Motion *in Limine* Pursuant to Federal Rule of Evidence 404(b) [58]

Ward does not point to any specific evidence he asks the Court to exclude from trial. Instead, he generally requests that the Court instruct the Government and its witnesses "not to testify about, refer to, mention or in any way allude to specific acts of alleged misconduct, uncharged criminal conduct, or extraneous offenses or unalleged acts alleged to have been committed by the accused, extrinsic character evidence, [and] character evidence not related to truthfulness" unless deemed admissible by the Court. [58], ¶ 1. He then lays out the procedure he would prefer the Court use when ruling on the admissibility of such evidence, some of which is in the Court's previous Discovery Order [16]. *Id.*, ¶¶ 2-8.

Ward essentially asks for the Court to generally abide by and enforce Federal Rule of Evidence 404. The Court finds that no order *in limine* is necessary for the general enforcement of FRE 404 and denies Ward's motion without prejudice. The Government represents that it intends to abide by "all authorities prior to soliciting or offering extrinsic evidence of prior wrongs," [62], ¶ 1, and the Court assures Ward that it will follow the proper procedure in analyzing admissibility of evidence as set out by the Federal Rules, the Court's own orders, and all binding precedent from the Fifth Circuit and Supreme Court.

IV.     The Government's Motions *in Limine*

The Government brings three motions *in limine*. The Court addresses them each in turn.

    A.     First Motion *in Limine* [72]

In its First Motion *in Limine*, the Government asks the Court to preclude Ward from "mentioning or arguing the affirmative defense of entrapment" unless he either (1) offers evidence before trial and obtains a ruling from the Court that the defense is valid; or (2) presents sufficient evidence at trial and obtains a ruling that the defense is sufficiently valid to be submitted to the jury. [72] at 1. Ward responds that his defense should not be curtailed at trial by excluding all evidence and argument about his entrapment defense, but he agrees to "abide by making a prima facie showing of establishing entrapment" at trial. [146] at 5.

The Court grants this motion in part and denies it in part. The Court does not find it appropriate to make a pretrial determination on whether Ward's

3

entrapment defense may be submitted to the jury in the Court's jury instructions and Ward's closing arguments, and therefore denies the Government's motion as to this request. Ward, however, will have to present sufficient evidence at trial for this defense to be submitted to the jury, and the Court grants the motion on this request.

    B.    Omnibus Motion *in Limine* [105]

The Government asks the Court to preclude Ward from mentioning, eliciting, or attempting to elicit testimony about (1) the presence or absence of any particular person on the Government's witness list or the Government's plan to call or not call a particular witness; (2) any argument encouraging jurors to ignore the law, the Court's instructions, or otherwise ignore their oaths as jurors; or (3) any potential punishment or consequences of a conviction. [105] at 1. Ward concedes any encouragement to the jurors to ignore the law, instructions, or their oaths, or any mention of punishment or consequences is inappropriate, but he asks that the government be so precluded as well. The Court therefore grants the motion on these issues. [147], ¶¶ 3-4. The Court is left to analyze the appropriateness of any argument about the Government's failure to call witnesses.

Ward agrees "[a]n adverse inference is not appropriate when the witness is equally available to both parties." [148] at 1 (quoting *United States v. Heard*, 709 F.3d 413, 421 (5th Cir. 2013)) (alteration in original). But the Fifth Circuit has "carved out an exception to this rule if one of the parties controls that witness and his testimony would elucidate facts in issue." *United States v. Santos*, 589 F.3d 759,

764 (5th Cir. 2009) (citing *United States v. Chapman*, 435 F.2d 1245, 1247 (5th Cir. 1970)). Because the Government has identified no particular witness whose absence it seeks to preclude Ward from mentioning, the Court will not place a blanket prohibition on the mention of such witnesses until it is possible to determine whether a witness is "equally available to both parties." The Court denies the Government's Omnibus Motion *in Limine* [105] without prejudice.

    C.    Second Motion *in Limine* [107]

In its Second Motion *in Limine*, the Government seeks to prevent Ward from introducing the contents of ATF Reports of Investigations ("ROIs") to impeach witnesses based on inconsistent statements. [107] at 1. Despite seeking to prevent the *admission* of this evidence, the Government's arguments center on whether the ROIs are *discoverable* under the Jencks Act. *Id.* at 1-7. The admissibility of the ROIs as impeachment evidence is governed by the Federal Rules of Evidence, and Ward affirms he is "bound to use the already produced ROIs in accordance with the law and the rules of evidence." [150] at 2-3. The Court will not issue an order *in limine* on the admissibility of the ROIs where the Government has presented arguments only on their discoverability. Should the issue arise at trial, the Court will follow the rules of evidence and applicable law to determine the ROIs admissibility. For these reasons, the Court denies the Government's Second Motion *in Limine* [107] without prejudice.

V.   Conclusion

The Court has considered all the arguments set forth by the parties. Those arguments not addressed would not have changed the outcome of the Court's decision. For these reasons, the Court DENIES Ward's Motion *in Limine* [58] WITHOUT PREJUDICE.

The Court further GRANTS IN PART and DENIES IN PART the Government's First Motion *in Limine* [72]. This motion is granted in that Ward will have to introduce sufficient evidence at trial supporting his entrapment defense before it can be argued and submitted to the jury.

The Court further GRANTS IN PART and DENIES IN PART WITHOUT PREJUDICE the Government's Omnibus Motion *in Limine* [105]. It is granted in that both parties are precluded from (1) encouraging jurors to ignore the law, the Court's instructions, or otherwise violate their oaths; and (2) mentioning potential punishment or other consequences that might result from a conviction. It is denied in all other respects.

The Court further DENIES the Government's Second Motion *in Limine* [107] WITHOUT PREJUDICE.

SO ORDERED this the 16th day of June, 2021.

*/s Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE