UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

UNITED STATES OF AMERICA

V.                                                                                                   NO. 5:19-CR-3-KHJ-LGI

BORIS WARD

ORDER

Before the Court is Boris Ward's [230] Amended Motion for Judgment of Acquittal, or, in the Alternative, for a New Trial. Having considered the motion, the record as a whole, and relevant legal authority, the motion is denied.

I.      Facts and Procedural History

On September 10, 2019, a federal grand jury indicted Ward on two counts of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), one count of possession with intent to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii), one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). [48].

Trial began on September 6, 2022. After hearing testimony from ten witnesses and viewing dozens of exhibits, the jury unanimously found Ward guilty of all five counts. [221]. Ward moved orally for judgment of acquittal under Federal Rule of Criminal Procedure 29 after the Government's case-in-chief. The Court denied the motion. Ward now moves for a judgment of acquittal or, in the

alternative, for a new trial under Federal Rules of Criminal Procedure 29(c) and 33(a).[1] Am. Mot. J. Acquittal [230].

II.     Legal Standard

On a motion for judgment of acquittal, a court "consider[s] whether the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). This standard is highly deferential to the jury and "asks whether a reasonable jury could conclude that the relevant evidence . . . established all of the essential elements of the crime beyond a reasonable doubt when viewed in the light most favorable to the verdict." *United States v. Loe*, 262 F.3d 427, 432 (5th Cir. 2001). "The standard does not require that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt . . . ." *Id.* Rather, "[a] jury is free to choose among reasonable constructions of the evidence. And it retains the sole authority to weigh any conflicting evidence and to evaluate the credibility of the witnesses." *Id.* "In effect, the court assumes the truth of the evidence offered by the prosecution." *United States v. Robertson*, 110 F.3d 1113, 1117 (5th Cir. 1997).

"[A] motion for new trial is reviewed under a more lenient standard than a motion for judgment of acquittal." *Id.* On a motion for a new trial, "the trial judge may weigh the evidence and may assess the credibility of the witnesses." *Id.* While the decision is "within the sound discretion of the trial court, . . . [t]he court may not reweigh the evidence and set aside the verdict simply because it feels some other

---

[1] Ward does not state under what authority he brings his Motion for a New Trial. The Court presumes that his Motion for New Trial is brought under Rule 33(a).

2

result would be more reasonable." *Id.* at 1118. To grant a new trial, "[t]he evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *Id.*

III. Analysis

Ward seeks a judgment of acquittal or, in the alterative, a new trial on five grounds. The Court addresses each argument in turn.

A. Natasha Kennedy's Credibility

First, Ward argues that all the charges were improperly based on the testimony of Natasha Kennedy, one of the Government's cooperating witnesses. Mem. Supp. Mot. J. Acquittal [231] at 2. He asserts that Kennedy's "lengthy criminal history" from 1997 to the present suggests a "total lack of credibility." *Id.*

As stated above, the standard for a motion for judgment of acquittal is highly deferential to the jury. The Court is not allowed to "weigh any conflicting evidence [or] evaluate the credibility of witnesses." *Loe*, 262 F.3d at 432; *Robertson*, 110 F.3d at 1117. Consequently, the Court cannot evaluate the credibility of Kennedy, and a judgment of acquittal is not warranted on this basis.

Kennedy's alleged lack of credibility does not warrant a new trial either. Although the Court has more discretion in granting Ward's motion for a new trial, Kennedy's alleged lack of credibility does not "preponderate heavily against the verdict" as to present a "miscarriage of justice to let the verdict stand." *Robertson*, 110 F.3d at 1118. First, Ward cross-examined Kennedy and inquired into her prior convictions and any motives she might have had to provide false testimony.

Moreover, the cooperation agreement between Kennedy and the Adams County Sheriff's Office was published to the jury, and the jury was shown an indictment charging Kennedy with possession of a controlled substance. Second, Kennedy was only one of eight Government witnesses that testified at trial. Although she was an important part of the Government's case-in-chief, she was far from the sole witness. Third, Kennedy's testimony was corroborated by video evidence and dozens of other exhibits from which a reasonable juror could conclude that Ward was guilty. Considering the entire record, "[t]here was more than sufficient evidence of [Ward's] guilt, and the evidence did not approach preponderating against the verdict." *See United States v. Fuchs*, 467 F.3d 889, 910 (5th Cir. 2006). Therefore, a new trial is not proper based on Kennedy's lack of credibility.

    B.  Improper Venue

Second, Ward alleges that "the Court erred in allowing a transfer of this matter from the Western Division [of the Southern District of Mississippi] . . . to the Northern [D]ivision [of the Southern District of Mississippi]." [231] at 2-3.

To begin, Ward forfeited his right to challenge venue at this stage of the proceeding by failing to timely file a pretrial motion. *See* Fed. R. Crim. P. 12(b)(3)(A)(i); *United States v. Stewart*, 843 Fed. App'x 600, 603 (5th Cir. 2021). Motions for improper venue "*must* be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Fed. R. Crim. P. 12(b)(3) (emphasis added). Failure to object to venue before trial results in the forfeiture of future venue objections. *Stewart*, 843

Fed. App'x at 603 (citing *United States v. Dryden*, 423 F.2d 1175, 1178 (5th Cir. 1970)). Ward failed to file a 12(b)(3) motion challenging venue before trial. Consequently, he forfeited his right to challenge venue now.

But even if Ward had timely filed a motion under 12(b)(3), his challenge of venue would still fail as a matter of law. A defendant has a constitutional right to a trial in the "State and district wherein the crime shall have been committed." U.S. Const. amend. VI. But there is no constitutional right to trial within a specific division within that district. *Lafoon v. United States*, 250 F.2d 958, 959 (5th Cir. 1958). "Moreover, the trial judge has broad discretion in determining whether transfer is warranted [in a criminal case]." *United States v. Alvarado*, 647 F.2d 537, 539 (5th Cir. Unit A June 1981) (citation omitted). A court should consider the "convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice." Fed. R. Crim. P. 18.

Ward's indictment charged that he committed all five counts in the Western Division of the Southern District of Mississippi. [48] at 1. This was supported by testimony at trial. Based on the circumstances of this case, the Court determined that venue was proper in Hinds County, Mississippi, which is in the Southern District of Mississippi. Ward's constitutional rights were not violated, and the Court denies his motion on this ground.

C.  Pretrial Motions

Third, Ward contends that "[t]he Court committed harmful error in denying Ward's pretrial motions." [231] at 3. These motions include Ward's Motion to

5

Suppress [35], Motion to Sever [161], and Motion to Dismiss the Indictment on the Basis of Selective Prosecution [173].

The Court previously considered Ward's arguments, gave detailed reasons for rejecting them in written orders, and believes it properly ruled on each issue raised. *See* [55], [188]. Ward does not present any new authority or identify any error or circumstance that warrants reconsideration of the verdict or a new trial. The Court denies his motion on this ground.

D.  Evidence of Other Crimes

Fourth, Ward alleges "[t]he Court erred in allowing the Government [to] present evidence of other crimes that were clearly outside the parameters of the charges as stated in the indictment." [231] at 3. He also alleges that the "probative value of these other crimes were far outweighed by their prejudicial effect." *Id.* Ward does not specify which "other crimes" he believes the Court improperly allowed into evidence. *See id.* The Court presumes Ward is referring to the introduction of his prior felony conviction for possession of a controlled substance. *See* U.S.'s Mem. Opp'n Mot. J. Acquittal [234] at 9. This evidence was admissible for two distinct reasons, however.

    i.       Necessary Element of 18 U.S.C. § 922(g)(1)

First, evidence of Ward's prior conviction for possession of a controlled substance was admissible for proving a necessary element of 18 U.S.C. § 922(g)(1). A conviction under 18 U.S.C. § 922(g)(1) requires the Government to prove three elements: "(1) the defendant was previously convicted of a felony, (2) the defendant

knowingly possessed a firearm; (3) and the firearm traveled in or affected interstate commerce." *United States v. Huntsberry*, 956 F.3d 270, 279 (5th Cir. 2020). A defendant may stipulate to the first element to avoid the prejudicial effects of having the specific previous felony introduced into evidence. *Old Chief v. United States*, 519 U.S. 172, 180-92 (1997). If the defendant does not do so, however, the Court may admit evidence of the conviction at trial. *See United States v. Jones*, 930 F.3d 366, 373 (5th Cir. 2019).

Ward declined to stipulate that he was previously convicted of a felony crime. It was therefore proper for the Court to admit Ward's prior conviction for possession of a controlled substance to allow the government to satisfy a material element of 18 U.S.C. § 922(g)(1).

  ii.  Extrinsic Evidence Under 404(b)

Second, evidence of Ward's prior conviction for possession of a controlled substance was admissible under Federal Rule of Evidence 404(b).

Extrinsic evidence of another crime "is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Such evidence is admissible, however, for other purposes, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* 404(b)(2). If the government intends to introduce evidence of a defendant's prior crimes under 404(b) in a criminal case, it must "provide reasonable notice . . . so that the defendant has a fair opportunity to meet it." *Id.* 404(b)(3). If Rule 404 is

7

satisfied, the Court must still consider whether the probative value of the proposed evidence is substantially outweighed by its undue prejudice. *See United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc) (establishing a two-prong test for a Rule 404(b) analysis); Fed. R. Evid. 403.

When a criminal defendant pleads not guilty to a charge of possession with intent to distribute, he necessarily places his knowledge of the drugs found and his intent to distribute at issue. *United States v. Pompa*, 434 F.3d 800, 805 (5th Cir. 2005). And the Fifth Circuit has consistently held that "evidence of a . . . conviction for a similar crime is more probative than prejudicial and that any prejudicial effect may be minimized by a proper jury instruction." *United States v. Saucedo-Munoz*, 307 F.3d 344, 350 (5th Cir. 2002) (citation omitted) (alteration in original).

Ward pleaded not guilty to three charges of possession with intent to distribute methamphetamine. Consequently, he necessarily place[d] his knowledge of the drugs found and his intent to distribute at issue. *See Pompa*, 434 F.3d at 805. In fact, Ward argued at trial that he did not have knowledge or control of the methamphetamine found in the blue Dodge Charger on his property. The Court found that the probative value of Ward's previous conviction for possession of a controlled substance was not substantially outweighed by undue prejudice. And the Court provided a jury instruction limiting the purposes for which it could consider Ward's criminal conviction, further minimizing any undue prejudice. *See Saucedo-*

*Munoz*, 307 F.3d at 350. Finally, the government gave reasonable notice[2] of its intent to use the conviction pursuant to 404(b)(3). *See* [211]. Thus, the Court properly admitted Ward's prior conviction for possession of a controlled substance under 404(b).

Because Ward's prior conviction for possession of a controlled substance was properly admitted as proof of a material element of 18 U.S.C. § 922(g)(1) and as extrinsic evidence under 404(b), the Court denies Ward's motion on this ground.

E.  Verdict Form

Finally, Ward argues the Court erred because it "only gave the jury two choices to return the verdict: either 'guilty' or 'not guilty. . . and failed to allow the jury to consider what would happen if they could not agree unanimously.'" [231] at 4. Notably, Ward did not properly preserve a claim of error because he failed to object to the Court's proposed verdict form at trial. *See* Fed. R. Crim. P. 51(b). But the Court still finds that Ward's motion should be denied on the merits.

Ward cites *United States v. Arpan*, 861 F.2d 1073 (8th Cir. 1988), to support his argument. But this case does not help Ward for two reasons. First, as a case from the Eight Circuit, *Arpan* is merely persuasive, and Ward cites no authority from the Fifth Circuit or Supreme Court supporting his contention. Second, and more importantly, the Eight Circuit vacated that decision. *United States v. Arpan*,

---

[2] The government gave notice of its intent to use Ward's previous conviction on August 29, 2022. Trial began eight days later on September 6, 2022. Given the circumstances of this case, this is reasonable notice required by 404(b)(3). *See United States v. Charles*, No. 92-3892, 1993 WL 346909, at *3 (5th Cir. Aug. 11, 1993) (per curiam) (holding that court that allowed 404(b) evidence to be introduced with three days pretrial notice did not abuse its discretion).

867 F.2d 1188 (8th Cir. 1989). And upon rehearing the case, the Eighth Circuit expressly denied the defendant's right to an instruction informing the jury about the possibility of a hung jury. *United States v. Arpan*, 887 F.2d 873, 876 (8th Cir. 1989) ("Arpan has no right to an initial instruction specifically setting out the third alternative, that is, making no decision.").

The Eighth Circuit's second decision in *Arpan* aligns with a fundamental principle of the American justice system: "The very object of the jury system is to secure unanimity by a comparison of views, and by arguments among the jurors themselves." *Allen v. United States*, 164 U.S. 492, 501 (1896). The Fifth Circuit adheres to this principle. *Cf. United States v. Eghobor,* 812 F.3d 352, 358-59 (5th Cir. 2015) (concluding trial court did not abuse its discretion by giving jury an *Allen* charge after receiving two notes from the jury stating it was deadlocked); *United States v. Patel*, 485 F. App'x 702, 714 (5th Cir. 2012) ("[An *Allen* charge] is justified because 'the very object of the jury system is to secure unanimity by a comparison of views, and by arguments against the jurors themselves.'" (quoting *Allen*, 164 U.S. at 501)).

Ward had no right to an initial jury instruction informing the jury about what would happen if they could not reach a unanimous decision. Such an instruction would undermine "the very object of the jury system": securing a unanimous verdict. *Allen*, 164 U.S. at 501. The Court therefore denies his motion on this ground.

IV.   Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the reasons stated above, the Court finds that Defendant Boris Ward has not shown that he is entitled to a judgment of acquittal or, in the alternative, a new trial.

IT IS, THEREFORE, ORDERED AND ADJUDGED that Ward's [230] Amended Motion for Judgment of Acquittal or, in the Alternative, for a New Trial is DENIED.

SO ORDERED AND ADJUDGED this the 31st day of October, 2022.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE